UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AIMEE F.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

Case No. C22-5467 JHC

**ORDER GRANTING STIPULATED MOTION FOR ATTORNEY'S FEES AND COSTS**

      This matter comes before the Court on Plaintiff's stipulated motion for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Dkt. No. 16. The EAJA provides:

      A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed.  The party shall also allege that the position of the United States was not substantially justified.  Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C.A. § 2412(d)(1)(B).

///

ORDER GRANTING STIPULATED
MOTION FOR ATTORNEY'S FEES AND
COSTS - 1

The requirements of the EAJA have been met here. On January 10, 2023, the Court entered a final judgment on this matter, reversing and remanding the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. No. 15. Plaintiff's instant motion was timely filed as the time frame for Plaintiff to file his petition for attorneys' fees "began to run upon expiration of the 60 day appeal period," in addition to the 30 day period under 28 U.S.C. § 2412(d)(1)(B). *See Akopyan v. Barnhart*, 296 F.3d 852, 857 (9th Cir. 2002); Fed. R. App. P. (4)(a). Furthermore, the parties have stipulated that: (1) Plaintiff is the prevailing party and is eligible to receive an award fees and costs; (2) the amounts sought, as documented in the itemized statement from Plaintiff's attorney, is reasonable (Dkt. No. 16–3); and (3) the position of the United States was not substantially justified in this matter. *See* Dkt. No. 16 at 1–2.

Having reviewed the instant motion and the relevant record, the Court GRANTS Plaintiff's stipulated motion and is granted attorney's fees in the amount of $10,173.34 under the EAJA, 28 U.S.C. § 2412, and $402.00 in costs. Under *Astrue v. Ratliff*, 130 S. Ct. 2521, 2528-29 (2010), EAJA fees awarded by this Court belong to the Plaintiff and are subject to offset under the Treasury Offset Program, 31 U.S.C. § 3716(c)(3)(B). Any EAJA fees should therefore be awarded to Plaintiff and not to Plaintiff's attorney. If, after receiving the Court's EAJA fee order, the Commissioner determines that Plaintiff has assigned her right to EAJA fees to her attorney, that Plaintiff does not owe a debt that is subject to offset under the Treasury Offset Program, and agrees to waive the requirements of the Anti-Assignment Act, then the EAJA fees will be made payable to Plaintiff's attorney. However, if there is a debt owed under the Treasury Offset Program, the Commissioner does not agree to waive the requirements of the Anti-Assignment Act, and the remaining EAJA fees after offset will be paid by a check made out to Plaintiff but

delivered to Plaintiff's attorney. Costs under 28 U.S.C. § 1920 shall be payable to Charles E. Binder via electronic fund transfer or check.

DATED this 3rd day of April, 2023.

_____
John H. Chun
United States District Judge

ORDER GRANTING STIPULATED
MOTION FOR ATTORNEY'S FEES AND
COSTS - 3